Per Curiam.
This is an action of account render, submitted to arbitrators, who reported a certain sum due to the plaintiff, without stating an account. The act of assembly has not been complied with: its directions are plain and positive, that the arbitrators shall “determine on the whole merits of the cause, and report the balance due by either party to the other, and shall also make and annex to their report, from the accounts of the parties, their allegations and proofs, such an account between them as they shall think just, which account shall result in the balance reported in their award.” This is a very substantial part of the business, for as the writ in the action of account render only calls upon the defendant to render an account, it is necessary that the account should appear on the record, in order that it may be knovyn what it is that has been settled between the parties. It is for the balance of this account that judgment is rendered, and there can be no judgment without it. Although the legislature thought proper so far to alter the common law, as to authorize the arbitrators to report the balance on which final judgment might be immediately entered, yet it was wisely ordered, that to their report should be annexed the account on which the balance was struck: this ought to have been done, and having been omitted, the judgment is erroneous and must be reversed.
Judgment reversed, and record remitted to the Court of Common Pleas, in order that such further proceedings may be had as justice requires.
Judgment reversed, and record remitted.